## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DEMETRIUS MONTREL WILLIAMS**                                                    **PETITIONER**

**v.**                                           **CIVIL ACTION NO.: 1:21-cv-164-TBM-MTP**

**SCOTT MIDDLEBROOKS**                                                    **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] filed by Demetrius Montrel Williams and the Motion to Dismiss [4] filed by Respondent. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion to Dismiss [4] be granted in part and denied in part and that the Petition for Writ of Habeas Corpus [1] be dismissed without prejudice for failure to exhaust available state court remedies.

### PROCEDURAL HISTORY

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 and challenges the execution and computation of his sentences. He received multiple sentences over a five-year period, some of which are to run consecutively, and some concurrently. Petitioner argues that if his sentences were calculated and applied correctly, he would be entitled to an earlier release. The sentences are summarized as follows:

On August 11, 2008, Petitioner pled guilty to two counts of possession of a controlled substance in Jackson County Circuit Court. *See* [4-1]. He was sentenced to four years on one count and eight years on the other, in the custody of the Mississippi Department of Corrections ("MDOC"). *Se*e [4-2]. The sentences were to run concurrently. *Id*.

1

On January 12, 2012, Petitioner pled guilty to manslaughter and possession of a weapon by a convicted felon in the Jackson County Circuit Court. *See* [4-6]. He was sentenced to twenty years for manslaughter and ten years for possession of a weapon by a convicted felon, in the custody of the MDOC. *Id*. The sentences were to run consecutively. *Id*.

On September 12, 2012, Petitioner pled guilty to destroying jail property in the Leake County Circuit Court and was sentenced to two years in the custody of the MDOC to run concurrently with the sentences he was already serving. *See* [4-7].

On May 17, 2021, Petitioner filed the instant Petition for Writ of Habeas Corpus [1]. Petitioner argues that he has already completed his sentence for possession of a controlled substance, that he is still being detained on that sentence, and that his continued detention for possession of a controlled substance is "interfering" with his consecutive sentences for manslaughter and possession of a weapon by a convicted felon. Liberally construing the Petition, Plaintiff claims that he should be getting credit against the latter sentences, but is not. He seeks release on parole and any other relief the court deems necessary.

According to Petitioner, he has submitted "countless administrative remedies," but he admits that he has not appealed any of his grievances to a state court. *See* [1] at 7. On August 12, 2021, Respondent filed his Motion to Dismiss [4] arguing that Petitioner has not exhausted his claims in state court, and that his Petition should be dismissed with prejudice. Petitioner did not respond to the Motion to Dismiss [4] and the time to do so has long since expired. *See* Order Directing Response [6]. This matter is now ripe for review.

## ANALYSIS

Under 28 U.S.C. § 2254(b)(1), any state prisoner seeking habeas relief is required to first exhaust state remedies. Section 2254 provides, in relevant part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the state remedies available in the courts of the States; or

(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the appellant.
. . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A fundamental prerequisite to federal habeas relief is exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)).  The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice."  *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts…state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  *Mercadel v. Caim*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)).

Further, exhaustion requires a habeas applicant to "'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Id*. (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

Respondent admits that Petitioner has filed multiple grievances related to his sentence calculation with the Administrative Remedy Program ("ARP") that is available through the MDOC. However, Respondent argues that Petitioner has never appealed the final adverse decision of the ARP to the state circuit court, and that Petitioner's claims have therefore not been fairly presented to the state's highest court or any state court. *See* [4] at 5.

If a prisoner is dissatisfied with the final decision rendered by the MDOC through the ARP, he has the opportunity to appeal that decision to state court. *See* Miss. Code Ann. §§ 47-5-801—807 (authorizing the MDOC to adopt an administrative review procedure and permitting the offender to seek judicial review of the agency's final decision within 30 days); *Stokes v. State*, 984 So. 2d 1089 (Miss. App. 2008) (inmate appealed MDOC's denial of administrative remedy regarding calculation of his sentence); *Griffin v. Epps*, 58 So. 3d 1218 (Miss. App. 2011) (inmate appealed MDOC's denial of administrative remedy regarding eligibility for parole consideration) (*Neal v. MDOC Records Dep't.*, 115 So. 3d 894 (Miss. App. 2013) (inmate appealed decision regarding eligibility for ERS). Petitioner admits that he has not appealed any decision of the ARP to state court, let alone to the state's highest court as required for federal habeas review.[1]

While Petitioner claims that he is "not very good with the law[,]" neither his *pro se* status nor ignorance of the law constitute cause for his procedural default. *Mendez v. Quarterman*, 625 F. Supp. 2d 415, 431 (S.D. Tex. 2009) (*citing Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir.

---

[1] *See* Petition [1] at 12; https://www.courts.ms.gov/ (last visited Feb. 1, 2022).

1992)). Because Petitioner has not pursued his claims in the state courts, this habeas action should be dismissed for failure to exhaust available state court remedies. *See Jones v. Epps*, 2013 WL 5447877, at *3 (S.D. Miss. Sept. 30, 2013); *Ellis v. Jones*, 2013 WL 2948024, at *1 (S.D. Miss. June 14, 2013); *Gilmore v. Epps*, 2012 WL 3309000, at *2 (S.D. Miss. Aug. 13, 2012).

Respondent further maintains that this Petition should be dismissed with prejudice as Petitioner has procedurally defaulted his claims for purposes of federal habeas review. *See* [4] at 6. The undersigned, however, recommends that the dismissal be without prejudice as Petitioner may be able to exhaust his state court remedies through further proceedings in state court. *See House v. King*, 2:12-cv-52-KS-MTP, 2012 WL 1454752, at *2 (S.D. Miss. Apr. 26, 2012) (dismissing without prejudice a petitioner's sentence calculation claim for his failure to exhaust state remedies). Accordingly, the undersigned recommends that this matter be dismissed without prejudice.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that:

1. Respondent's Motion to Dismiss [4] be GRANTED in part and DENIED in part;

2. To the extent Respondent seeks dismissal of this action for Petitioner's failure to exhaust state court remedies, the Motion to Dismiss [4] be GRANTED; and

3. The Motion to Dismiss [4] be DENIED as to the demand for a dismissal with prejudice and that the Petition [1] be DISMISSED WITHOUT PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the

recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THIS the 2nd day of February, 2022.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE